## GONZÁLEZ *v.* PIRAZZI.

### APPEAL from the District Court of Ponce.

No. 446.—Decided January 17, 1910.

JURISDICTION—MUNICIPAL COURTS—DISTRICT COURTS, AND SUPREME COURT.—
When the value of the thing involved in a civil suit does not exceed $500 the municipal courts have original jurisdiction and the district courts appellate jurisdiction; and when the value thereof exceeds $300, without fruits or interest, an appeal lies to the Supreme Court from a judgment rendered by the district court on appeal.

The facts are stated in the opinion.

*Mr. Ramón Dapena* for appellant.

The respondent did not appear.

MR. JUSTICE DEL TORO delivered the opinion of the court.

The complaint in this case was brought in the District Court of Ponce, and deals with the ownership of two houses valued, as expressly alleged in the complaint, at the sum of $200. "That aforesaid houses have a value of $200—that is, $100 each," says paragraph one of the fourth allegation of the complaint. No interest is demanded.

After hearing the case, the aforesaid district court, on August 30, 1909, entered judgment in favor of the plaintiff, from which the defendant took the present appeal.

The first question we should consider, although it was not raised by any of the parties either in the district court or in this Supreme Court, is whether or not the trial court had jurisdiction over the matter.

In section four of the act reorganizing the judiciary of Porto Rico, approved March 1, 1904 (Laws of P. R., 1904, p. 103), it is provided that the municipal judge created by said act "shall have jurisdiction in all civil matters in his district to the amount of $500, including interest."

Section one of "An Act to regulate appeals from judgments of municipal courts in civil cases," approved March 11,

1908 (Laws of P. R., 1908, p. 168), provides that when a municipal court has entered judgment in a civil case, disposing finally of the case in favor of the plaintiff or of the defendant, any party to the action who considers himself aggrieved, may appeal to the district court for the judicial district in which the municipal court is situated.''

And paragraph two of section 295 of the Code of Civil Procedure, as amended by an Act approved March 9, 1905 (Laws of P. R., 1905, p. 136), provides that an appeal may be taken to this Supreme Court from a judgment rendered by a district court on an appeal from an inferior court, within 15 days after the entry of such judgment, should the amount, not including products and interest thereon, exceed $300.

By virtue of said laws, in cases where the amount claimed in a civil suit, including interest, does not exceed $500, original jurisdiction resides with the municipal courts and appellate jurisdiction with the district courts. And when said amount excedes $300, not including products and interest, an appeal may be taken to this Supreme Court from a judgment rendered on appeal by the said court.

Taking into consideration the foregoing reasons, it clearly appears that the District Court of Ponce did not have original jurisdiction in this case, and the judgment rendered therein by said court, from which an appeal was taken, is null and void, and we should declare accordingly.

*Reversed.*

Chief Justice Hernández and Justices Figueras, MacLeary and Wolf concurred.